OPINION OF THE COURT
David B. Saxe, J.
The plaintiffs are the owners and operators of several Mitchell-Lama housing projects in the City of New York, organized as limited-profit housing companies pursuant to the Private Housing Finance Law. The defendant Department of *239 Housing Preservation and Development is the New York City agency responsible for monitoring Mitchell-Lama projects, and is the holder of mortgage notes representing low-cost mortgage loans made to the plaintiffs for construction of the Mitchell-Lama projects. The plaintiffs seek to prepay these mortgages as provided by the terms of the mortgage notes, and to voluntarily dissolve the operating housing companies as provided in Private Housing Finance Law § 35 (2).
The mortgage note executed by plaintiff 2550 Olinville Avenue includes among its provisions the following: "Privilege is reserved to pay the debt in whole * * * on the first day of any month prior to maturity upon at least thirty (30) days’ prior written notice to the holder.” The mortgage note executed by Leland House, Inc. and that executed by Kingsbridge Housing Corp. each gave "the privilege to the maker of prepaying all or part of the principal sum hereof at such time or times, in such amount or amounts, and on such terms as the Housing Redevelopment Board of the City of New York may authorize and approve.”
Relying on the privilege set forth in the notes, in July 1987 each of the plaintiff companies notified the New York City Department of Housing Preservation and Development (HPD) in writing of their intent to prepay the mortgage notes. Plaintiffs set the closing date for the prepayment of the mortgage notes for October 1, 1987. HPD orally informed the companies on September 29, 1987 that it would not accept prepayment of the mortgage notes. HPD now explains that it deferred acceptance of prepayment since it was in the process of developing regulations on the subject of voluntary dissolution of Mitchell-Lama projects, in view of the potential ramifications for tenants in these projects. Plaintiffs instituted this action in November 1987. In February 1988 HPD passed emergency regulations outlining procedures to be followed before a company operating a city-sponsored Mitchell-Lama project could be dissolved.
Plaintiffs now move for summary judgment directing the defendants to specifically perform their contractual obligations to accept prepayment of the mortgage notes, and awarding plaintiffs incidental damages, or in the alternative, granting plaintiffs summary judgment on their cause of action for breach of contract, pursuant to CPLR 3212. Plaintiffs contend that by the terms of the mortgage instruments, HPD is obligated to accept prepayment of the mortgage notes, and that since they applied to prepay the notes before HPD *240 promulgated the regulations, these regulations cannot be used to support defendants’ refusal of prepayment. Plaintiffs now seek summary judgment on their complaint.
The defendants cross-move pursuant to CPLR 103 (c) to convert this action to a special proceeding, contending that given the city and State involvement in the Mitchell-Lama projects from their inception and the tax benefits enjoyed by the plaintiffs throughout the years, the dispute between HPD and the companies is not a purely contractual one. Instead, HPD contends, the basic dispute is whether or not HPD acted in an arbitrary and capricious manner in deferring plaintiffs’ application for prepayment pending the promulgation of new regulations, and whether in fact these new regulations should apply to the plaintiffs.
I cannot accept the city’s contention that its actions must be reviewed by way of a CPLR article 78 proceeding. True, the Mitchell-Lama projects were constructed and operated pursuant to State and municipal guidelines, and the respondents’ actions are founded upon the authority and obligation to protect the public interest. However, the city is also a party to instruments that grant plaintiffs a valuable right. While this contractual right to repay the mortgage may be procedurally altered by municipal regulation (see, e.g., Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth., 44 NY2d 101), there was no such alteration in effect when the respondents refused to accept prepayment. The relied-upon regulation first became effective on February 11, 1988, while the plaintiffs’ applications to prepay were made in July and August of 1987, and were refused in September 1987. The notes therefore constituted binding and valid contracts with the city, the terms of which were in no way abrogated by regulation when plaintiffs applied to prepay their mortgages. An action on the contracts is therefore appropriate (see, Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1, 5).
The city’s framing of the issue is strained: the question is not whether the city’s refusal to accept prepayment constituted a failure to perform a duty enjoined upon it by law, nor whether its application of the new regulations was arbitrary and capricious. Rather, the question is: was the city legally entitled to refuse the contractually provided-for prepayment in the absence of any currently applicable regulations supporting that refusal, simply on the basis that such regulations would be promulgated at some indefinite future date? Had the *241 regulations not been enacted, the question would certainly be amenable to determination in a contract action. The subsequent nonretroactive enactment of the regulations should not alter the propriety of that form of action.
Accordingly, the cross motion is denied. The defendants shall have 20 days from service of this decision and order to submit to the court their papers in opposition to the plaintiffs’ motion for summary judgment.